# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER LYNN HOWARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHITE BLUFF GENERAL SESSIONS )<br>COURT, *et al.*, )<br>)<br>Defendants. ) | No. 3:13-cv-00549<br>Judge Campbell |

## **M E M O R A N D U M**

The plaintiff, a resident of White Bluff, Tennessee, brings this *pro se* and *in forma pauperis* action against the White Bluff General Sessions Court, Court Clerk Carol Harmon, and Magistrate Jeff Martin (Docket No. 1). The plaintiff seeks monetary damages from the defendants and asks the court to dismiss state criminal charges against him and to expunge his state criminal record. (*Id.* at p. 3).

**I.   Required Review**

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.*

**II.   Facts Alleged in the Complaint**

The plaintiff alleges that the defendants issued or signed warrants for his arrest on five separate dates and that the defendants lacked jurisdiction to issue the warrants: October 4, 2012, November 19, 2012, December 7, 2012, and December 11, 2012.[1] The plaintiff further alleges that

---

[1] The complaint alleges the December warrants were issued in 2013, likely an inadvertent error by the plaintiff.

1

he spent fourteen days in jail as a result of the defendants' actions, his reputation was damaged, and he missed important doctors' appointments while in jail. (Docket No. 1 at p. 2 & Attach.).

**III. Analysis**

First, the plaintiff names the White Bluff General Sessions Court as a defendant. However, the White Bluff General Sessions Court is not an entity capable of being sued under 42 U.S.C. § 1983. *See Houston v. Tennessee,* 2011 WL 6002921, at \*\*4-5 (E.D. Tenn. 2011).

Second, the plaintiff names as defendants a Court Clerk and a Magistrate for allegedly issuing improper arrest warrants for the plaintiff. The plaintiff seeks monetary damages in excess of one million dollars from these defendants for these alleged unconstitutional acts. However, these defendants are immune from suit for monetary damages. In *Riser v. Schnieder*, 37 Fed. Appx. 763 (6th Cir. 2002), the plaintiff brought suit against two state court judges, a state court magistrate, and a court clerk, alleging that "they improperly denied his motion for a continuance, [improperly granted] a default judgment, and misfiled his motion for relief from judgment." *Id.* at 764. The Sixth Circuit held that "all of the defendants are immune from suit," and stated:

> Accepting all of [the plaintiff's] allegations as true, it is clear that the judges were acting in their judicial capacities and the clerk was acting in a quasi-judicial capacity. Whether or not they committed any errors in handling Riser's small claims case, they are immune from suit for monetary damages.

*Id.* (citing *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir.1988)). Here, too, the named Court Clerk and the named Magistrate were acting in their judicial or quasi-judicial capacities when they signed or issued arrest warrants for the plaintiff.

Second, in addition to seeking monetary damages from the defendants, the plaintiff asks the court to dismiss any state criminal charges against the plaintiff and/or to expunge his state criminal

record. Under the *Younger* doctrine of abstention, *see Younger v. Harris*, 401 U.S. 37, 44-45 (1971), absent extraordinary circumstances, a federal court must decline to interfere with pending state civil or criminal judicial proceedings where important state interests are involved. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989); *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

Three requirements have evolved for the proper application of the *Younger* doctrine: (1) there must be ongoing state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).

Here, since the complaint asks the court to order the defendants to pay his court courts "and any other fees that may come about <u>if defendant is found guilty</u> . . . ." (Docket No. 1 at p. 3)(emphasis added), the court infers that at least some of the plaintiff's state criminal proceedings are ongoing. Second, important state interests such as enforcing state criminal statutes and protecting the public are implicated in state criminal prosecutions. Finally, the plaintiff has made no allegation that he cannot challenge the alleged improper warrants or a false arrest by way of the state court process. Under these circumstances, the court cannot interfere with an ongoing state court criminal case by dismissing state charges or expunging records.

**IV.     Conclusion**

For the reasons explained herein, the court finds that the complaint fails to state claims upon

3

which relief can be granted. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

Todd J. Campbell
United States District Judge